Jules J. SCHWARTZ, Receiver for Town Enterprises, Inc., Plaintiff,

v.

Betty J. MORAN, Defendant.

Jules J. SCHWARTZ, Receiver for Town Enterprises, Inc., Plaintiff,

v.

Mary L. BUCKNER, Defendant.

Civ. A. Nos. 75–203 and 75–204.

United States District Court,
D. Delaware.

Jan. 5, 1976.

R. Franklin Balotti, Richards, Layton & Finger, Wilmington, Del., for plaintiff.

Henry A. Wise, Jr., and James M. Winfield, Wise & Mekler, Wilmington, Del., for defendants.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

On April 16, 1975, Town Enterprises, Inc. ("Enterprises"), a Delaware corporation, filed an original petition in the Bankruptcy Court of this district for a Chapter XI arrangement proceeding pursuant to § 322 of the Bankruptcy Act, 11 U.S.C. § 722. By an order of the Bankruptcy Court dated April 29, 1975, plaintiff, Jules J. Schwartz, was appointed Receiver in Bankruptcy for Enterprises. These actions were thereafter instituted by the Receiver under §§ 60(b), 67(d) and 70(e), 11 U.S.C. §§ 96(b), 107(d) and 110(e) seeking to avoid the transfer of certain funds alleged to be preferences or fraudulent transfers.

Each defendant has moved to dismiss the action brought against her. Each argues, first that since a Chapter XI proceeding does not involve a debtor who is bankrupt and the debtor Enterprises has not been adjudged a bankrupt, a suit can not be brought to avoid fraudulent transfers pursuant to §§ 67(d) and 70(e) of the Bankruptcy Act as this right is reserved only for those who have been adjudged a bankrupt. Second, defendants contend that a receiver for a debtor in an arrangement proceeding, as distinguished from a trustee in bankruptcy, has no standing to bring the instant suits to set aside preferences or fraudulent transfers under §§ 60(b), 67(d) or 70(e).

The Court finds no merit to either of defendants' contentions.

First, Chapter XI Rule 18(b) provides that upon filing an original petition for an arrangement, as in the case of Enterprises, the Bankruptcy Court is authorized, upon the application of a party in interest, to appoint a receiver for the debtor. Chapter XI Rule 11–57 relating to the prosecution or defense of a suit by a receiver or debtor in possession, states that "Bankruptcy Rule 610 applies to Chapter XI cases" and Chapter XI Rule 11–58, relating to the preservation of voidable transfer, provides: "Bankruptcy Rule 611 applies to Chapter XI cases." Bankruptcy Rule 610 reads:

"The trustee or receiver may, with or without court approval, prosecute or enter his appearance and defend any pending action or proceeding by or against a bankrupt, or commence and prosecute any action or proceeding in behalf of the estate, before any tribunal."

Bankruptcy Rule 611 reads:

"Whenever any transfer is voidable by the trustee, the court may determine, in an adversary proceeding in which are joined persons claiming interests or rights in the property subject to the transfer, whether the transfer shall be avoided only or shall be preserved for the benefit of the estate."

Chapter XI Rule 11–2(3) makes the word "trustee" used in the Bankruptcy Rules synonymous with the word "receiver" in a Chapter XI case.

Accordingly, it is clear that under the combined Bankruptcy and Chapter XI Rules cited above (1) the receiver for Enterprises was validly appointed by the Bankruptcy Court [Chapter XI Rule 18(b)], (2) that the receiver is empowered to prosecute on behalf of the debtor's estate in any tribunal [Chapter XI Rule 11–57 and Bankruptcy Rule 610], and (3) that this Court may determine in these adversary proceedings brought by the receiver whether the transfers shall be voided or shall be preserved for the benefit of the estate. [Chapter XI Rule 11–2(3) and Bankruptcy Rule 611].

Furthermore, the above rules are not without statutory basis. Section 2(a)(3) of the Bankruptcy Act, 11 U.S.C. § 11(a)(3), empowers the Bankruptcy Court to appoint a receiver and "to authorize such receiver . . . to commence and prosecute any suit or proceeding in behalf of the estate, before any judicial, legislative, or administrative tribunal in any jurisdiction, until the petition is dismissed or the trustee is qualified: *Provided, however,* That the court shall be satisfied that such appointment or authorization is necessary to preserve the estate or to prevent loss thereto."

In the present case upon an adequate showing the Bankruptcy Court appointed the plaintiff Receiver of Enterprises by the order of April 29, 1975 which in part provided:

"(1) . . . Upon filing a bond as provided in paragraph 2, said Receiver shall be vested with all the title and, to the extent consistent with Chapter XI of the Bankruptcy Act, shall be vested with the same rights, subject to the same duties, and exercise the same powers, as a trustee appointed under Section 47 of the Act, and shall and may exercise such additional rights and powers as are provided in the Chapter XI rules.

\* \* \* \* \* \*

(5) That without in any way limiting the generality of the foregoing, said Receiver shall have full power and authority until the further order of this Court . . . (j) to institute, prosecute, defend, compromise, adjust, intervene in or become a party to such other actions or proceedings in law or in equity, in state or federal courts, as may in his judgment be necessary or advisable for the protection, maintenance and preservation of the property and assets of the within estate.

\* \* \* \* \* \*

(11) That said Receiver hereby is authorized to act on behalf of any and all subsidiaries of the debtor Town Enterprises, Inc., to the extent permitted by the Bankruptcy Act and the Chapter XI Rules, including, without limitation, instituting or appearing in legal proceedings of any nature on their behalf in any appropriate forum, and any and all such other actions as the debtor Town Enterprises, Inc., could take."

Thus, it is clear that the Receiver here was armed by the Bankruptcy Court with the power to prosecute suits in this court to preserve the estate or prevent loss thereto.

Moreover, § 302, 11 U.S.C. § 702, incorporates the provisions of Chapters I through VII into Chapter XI, insofar as they are not inconsistent with the provisions of Chapter XI. Under §§ 60(b), 67(d) and 70(e) (which are included in Chapters VI and VII), a trustee is expressly authorized to bring actions to set aside preferences and fraudulent transfers. These powers and remedies afforded a trustee when conferred upon a receiver as authorized by § 2(a)(3) are not in the least inconsistent with the provisions of Chapter XI. Indeed, the need for granting to a Chapter XI receiver the powers of a trustee under §§ 60(b), 67(d) and 70(e) is even more compelling than in a straight bankruptcy. This is so because in a Chapter XI proceeding no trustee with power to act is appointed[1] until the arrangement fails (Bankruptcy Rule 122), with the result that fraudulent transfers and statutory preferences could very well go unchallenged unless the remedies available to a trustee under §§ 60(b), 67(d) and 70(e) were granted to a receiver in the absence of a trustee. Such an anomalous result is wholly inconsistent with the purpose and policy of Chapter XI which is to protect unsecured creditors who are affected by an arrangement.

Accordingly, the Court concludes, under present law and the order entered by the Bankruptcy Court, that the receiver has the right, power and duty to institute the present actions in order to preserve the estate and prevent loss thereto and the defendants' motions to dismiss therefore will be denied.

An order will be entered in accordance with this memorandum opinion.

---

1. The Court recognizes that a standby trustee may be nominated but such trustee has no power to act. Bankruptcy Rule 122(4)(B).